IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IDOWU O. OGHOGHO,

    Plaintiff,

No. CIV S-07-1570 LKK DAD PS

v.

OPERATING ENGINEERS
LOCAL 3 DISTRICT 80,

ORDER

    Defendant.
_____/

    Defendant has filed a motion to dismiss or for other relief pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) for plaintiff's failure to attend his deposition, which defendant had noticed for July 28 and July 29, 2008.  Defendant's motion to dismiss was accompanied by an ex parte application for an order shortening time for hearing the motion to dismiss. The motion and the ex parte application were filed on July 30, 2008.

    Pretrial scheduling in this action is governed by the Status (Pretrial Scheduling) Order filed on February 21, 2008. The Order provides as follows with regard to discovery matters, including discovery motions:

> All discovery shall be conducted so as to be <u>completed</u> by **August 1, 2008**. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been

1

ordered, the order has been complied with. All motions to compel discovery must be noticed on this court's calendar in accordance with the local rules of this court. See Local Rule 37-251.

Order filed Feb. 21, 2008, at 4 (emphasis in original).

Defendant's pending motion seeks to compel discovery or to dismiss as a discovery sanction. Such a motion should be noticed on this court's calendar in accordance with Local Rule 37-251. However, by noticing plaintiff's deposition for the final week of discovery, defendant did not conduct discovery so that all depositions could be taken, so that a dispute with regard to any deposition could be resolved by appropriate order, and so that any such order could be complied with prior to the required completion date of August 1, 2008. Discovery closed two days after defendant filed the pending motion to dismiss and application for order shortening time. In effect, defendant is asking the undersigned to re-open and extend discovery.

Defendant previously moved to extend the discovery deadlines in this case by motion noticed for hearing before the undersigned. Counsel was reminded that requests for modification of the scheduling order must be addressed to the assigned district judge. The re-noticed motion to extend discovery was denied by the district judge for failure to show good cause to modify the scheduling order. Aside from the fact that the undersigned cannot re-open and extend discovery, defendant's counsel has made no showing of good cause for his failure to conduct discovery so as to complete it prior to August 1, 2008 with adequate time to resolve any discovery dispute on a normal briefing schedule in accordance with the Local Rules. Defendant's application for order shortening time and defendant's motion to dismiss or for other relief will both be denied as untimely.

The record reflects that on June 17, 2008, plaintiff filed a document titled "Plaintiff Declaration in Support that Defendant's Has Failed to Responses to Plaintiff Request of Production of Documents and First Set of Interrogatories Within Thirty Days By Law and Hinder the Progress of this Discovery." In response to defendant's motion to dismiss and ex parte application for order shortening time, plaintiff has filed a document titled "Plaintiff

Discovery." Plaintiff has been cautioned against the improper filing of discovery documents. See Order filed May 6, 2008. Plaintiff has also been referred to Local Rule 78-230, which governs civil motion calendars and procedure, and has been advised that all motions must be noticed, briefed, and argued before the undersigned. See Order filed Feb. 21, 2008. The declaration filed June 17, 2008 and the discovery documents filed August 1, 2008 have not been properly filed and will be disregarded.

In accordance with the above, IT IS ORDERED that:

1. Defendant's July 30, 2008 motion to shorten time (docket number 41) and motion to dismiss (docket number 44) are denied as untimely; and

2. Plaintiff's June 17, 2008 declaration regarding discovery responses (docket number 40) and August 1, 2008 statement regarding discovery (docket number 48) will be disregarded by the court.

DATED: August 5, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.prose/oghogho1570.ord.mstmtd

3